**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DANIEL CARR** | **CIVIL ACTION NO.:** |
| **VERSUS** | |
| | **JUDGE:** |
| **TRISURA INSURANCE COMPANY And/or TRISURA SPECIALTY INSURANCE COMPANY, SHADE TREE EXPRESS, LLC, and WILLIE FRANCIS** | **MAGISTRATE JUDGE:** |

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes defendant, Trisura Specialty Insurance Company ("Defendant"), which files this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, and hereby removes this matter from the docket of the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, to the docket of this Honorable Court.

I.

On December 6, 2021, the plaintiff, Daniel Carr ("Plaintiff"), filed a personal injury lawsuit against the Defendants in the 16th Judicial District Court for the Parish of Calcasieu, State of Louisiana, Docket Number 2021-5097, Division "F," entitled "*Daniel Carr versus Trisura Insurance Company and/or Trisura Specialty Insurance Company, Shade Tree Express, LLC, and Willie Francis*" (*See Petition for Damages attached hereto as Exhibit "A"*). The lawsuit arises from an alleged motor vehicle accident which occurred on or about February 16, 2021 on Interstate 10 westbound in Calcasieu Parish, Louisiana. (*Id*. at ¶ II).

II.

Service of citation and a copy of the petition were requested on Defendant through the Secretary of State of Louisiana (*Id.* at p. 6) on or about December 6, 2021. Thereafter, service of citation and a copy of the petition were served on Defendant on January 14, 2022. (*Id.* at p. 2).

III.

Plaintiff's attorney originally responded to Requests for Admission that the damages at that time did not exceed $75,000 but may in the future exceed $75,000. (*See Requests for Admission, exhibit "B"*).

IV.

On September 6, 2022, plaintiff's attorney forwarded plaintiff's responses to formal discovery with medical records and bills which show the value of this case could exceed $75,000. These medical records show cervical and lumbar herniations on MRI. General damages for herniated discs alone usually have values of approximately $100,000 or higher.

V.

Further, on September 9, 2022, plaintiff's attorney, through email correspondence advised that at this time the plaintiff's damages now exceed $75,000 and that this matter can now be removed to federal court. (*See attached email dated, exhibit "C"*)

VI.

This removal is being filed within thirty (30) days of Defendants' notice that damages exceed $75,000 pursuant to 28 U.S.C. § 1446(b).

## I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332

VII.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in all civil cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. § 1332(a)(1)-(2).

### A.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

VIII

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).  When the original petition does not, on its face, affirmatively reveal that the jurisdictional minimum is present, a removing defendant is not required to remove until it receives an amended pleading or other paper that make it "unequivocally clear and certain" that more than $75,000 is in controversy. *Bosky v. Kroger Texas, L.P.*, 288 F.3d 208, 210-12 (5th Cir. 2002). This rule is intended to "reduce 'protective' removals by defendants faced with an equivocal record" and to "discourage removals before their factual basis can be proven by a preponderance of the evidence [.]" *Id.*

IX.

Beyond seeking general damages for his aforementioned alleged bodily injuries, Plaintiff also seeks special damages for medical expenses and lost wages, past, present and future, in an unknown amount along with permanent disability, mental anguish and loss of enjoyment of life. (*See* Exhibit "A" at ¶ VII). While he does not identify the total lost wages being claimed, he also claims she is entitled to loss of future earning capacity (*Id.*).

**B.      COMPLETE DIVERSITY EXISTS**

X.

Defendant insurer Trisura Specialty Insurance Company is a foreign limited liability company incorporated in Oklahoma City, Oklahoma with its principal place of business and mailing address in Oklahoma City, Oklahoma, for purposes of diversity.

XI.

Defendants Willie Francis and Shade Tree Express LLC are both domiciled in and residents of the State of Texas.

XII

Based on his allegations in the petition, Plaintiff is a person of the full age of majority domiciled in Orleans Parish, Louisiana and, therefore, is a citizen of the State of Louisiana for purposes of diversity. (*See* Exhibit "A" at introductory paragraph).

XII.

There is complete diversity between the Plaintiff and the named Defendants.  As of the date of this removal, Plaintiff has not named any other parties as Defendants.

## II. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

XIII.

Based upon the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a) and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441; this is a civil action wherein the Plaintiff's alleged damages exceeds the sum of $75,000.00, exclusive of interest and costs, and the Plaintiff is diverse from all Defendants.

XIV.

In accordance with 28 U.S.C. §1446(d), Defendant will provide appropriate Notice of this Removal to the Plaintiff and to the Clerk of Court for the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana.

XV.

No previous application has been made for the relief requested herein.

XVI.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**JURY DEMAND**

XXV.

Plaintiff did not expressly make a jury demand in his state court petition but did aver that damages exceed the threshold for a jury. (*See generally* Exhibit "A"). Defendant is entitled to and hereby requests a trial by jury on all triable issues herein.

WHEREFORE, Defendants pray that the action entitled, "*Daniel Carr v. Trisura Insurance Company et al*," bearing Docket Number 2021-5097, Division "F" and pending in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, be removed from the said state court docket to the United States District Court for the Western District of Louisiana.

Respectfully submitted by:

*/s/     Sean P. Rabalais*
**SEAN P. RABALAIS (#28410)**
**GUY D. PERRIER (#20323)**
PERRIER & LACOSTE LLC
365 Canal Place suite 2550
New Orleans, LA 70130
Direct Dial:           (504) 212-8819
Facsimile:            (504) 535-2595
Email:                 Srabalais@perrierlacoste.com
E-Service Email:   Srabalais@perrierlacoste.com
*Attorney for Willie Francis and Trisura Specialty Insurance Company*

# C E R T I F I C A T E

I do hereby certify that a copy of the foregoing pleading has been served on all counsel by depositing same in the electronic mail, United States Mail, properly addressed and postage prepaid and/or electronic mail, on this 12th day of September, 2022.

*/s/ Sean P. Rabalais*
**SEAN P. RABALAIS**